Andrea M. Tytell, Attorney at Law SBN: 166835
**LAW OFFICES OF ANDREA M. TYTELL**
2121 Rosecrans Avenue, Suite 1350
El Segundo, California 90245
Telephone: (310) 416-9710
Facsimile: (310) 640-1601

ADR

Filed ORIGINAL

FEB 2 3 2009

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

Attorneys for Plaintiffs Todd Ericson , a Minor  by and through his Parents and Guardians ad Litem, Robert Ericson and Laura Ericson

# THE UNITED STATES DISTRICT COURT FOR THE

## NORTHERN DISTRICT OF CALIFORNIA

C 09 00793

| | |
|---|---|
| Todd Ericson, a Minor, by and through his Parents and Guardian ad Litem, Robert Ericson and Laura Ericson, <br><br> Plaintiffs, <br><br> vs. <br><br> Los Gatos Union School District; Los Gatos-Saratoga Union High School District; The Board of Education of the Los Gatos Union School District; The Board of Education of the Los Gatos-Saratoga Union High School District; Dr. Suzanne Boxer-Gassman, individually and in her official capacity as Superintendent of Los Gatos Union School District; Cary Matsuoka individually and in his official capacity as Superintendent of the Los Gatos-Saratoga Union High School District; Lisa Fraser, individually and in her official capacity as Principal of Fisher Middle School; Carter Krach, a Minor; Keith Krach and Jennifer Krach as Parents and Guardians ad Litem of Carter Krach, Andreas Kramer, a Minor; Alejandra Kramer as Parent and Guardian of Andreas Kramer; and DOES 1-10, inclusive, <br><br> Defendants. | Civil Action No. <br><br> **COMPLAINT FOR DAMAGES** <br><br> 1.Violation of 42 U.S.C. §1983 <br> 2.Violation of §504 of the Health and Rehabilitation Act <br> 3.Violation of the Americans with Disabilities Act <br> 4.Violation of California Civil Code § 51(Unruh Act) <br> 5. Assault, Battery and Violation of California Civil Code §1714.1 <br> 6. Intentional Infliction of Emotional Distress <br><br> **REQUEST FOR JURY TRIAL** |

## JURISDICTION AND VENUE

1. This is an action brought pursuant to the laws of the United States of America, to wit: 42 U.S.C. §1983, 42 U.S.C .§1988, 42 U.S.C. 12101, et seq. (Americans With

1

Disabilities Act), 29 U.S.C. §790 et seq. (Section 504 of the Rehabilitation Act of 1973) and California Civil Code §51 (The Unruh Act) and California Civil Code §1714.1. The jurisdiction of this Court is predicated upon the above and 28 U.S.C. §1331. The amount in controversy exceeds the sum of seventy five thousand dollars exclusive of interest and costs. Plaintiffs also assert that inherent in the enforcement powers of the Fourteenth Amendment, specifically §5 thereof, Congress has granted this Honorable Court, the power and ability to abrogate any and all immunity claims or defenses advanced by Defendants in order to perfect and maintain Plaintiffs' right guaranteed Constitutional and civil rights.

2. In addition, Plaintiffs invoke the supplemental jurisdiction of the Court pursuant to 28 U.S.C. §1367(a). Supplemental jurisdiction is appropriate as to the state causes of action as they arise from the same "common nucleus of operative facts" as do all of the federal claims stated herein.

3. Venue is proper pursuant to 28 U.S.C. §1391. All events pled herein, took place within the jurisdictional boundaries of the Northern District of California.

## GENERAL ALLEGATIONS

4. Plaintiff Todd Ericson, a Minor, (hereinafter referred to as "TODD" or "PLAINTIFFS" when referred to with his Parents) is the biological child of Robert Ericson and Laura Ericson who are also the Parents and Guardians ad Litem in this matter. TODD is currently seventeen (17) years old. His date of birth is 11-13-91. TODD has always been a citizen of the United States of America with permanent residence in Los Gatos, County of Santa Clara, California.

5. TODD has been eligible for special education and related services since preschool. His eligibility for special education is based on a myriad of learning and neurological disorders, including ADHD. TODD has significant difficulties processing language which correlates to difficulties in math, word problems, reading comprehension, oral and written expression. TODD also has significant difficulties processing information in an efficient and timely manner. As a result, TODD manifests difficulties conversing and understanding the requirements of age-appropriate social interactions. TODD manifests symptoms of autistic-

like behavior, however, to date, there has not been a definitive diagnosis of autism. The foregoing enumerated deficits led to recurrent teasing and harassment by TODD's classmates who knew that he was different and an easy mark for their relentless bullying and harassment. TODD has been victimized by bullying and harassment for almost the entirety of his public school career. When TODD was in the fifth grade, he was pushed and shoved by several classmates while being verbally abused and having his life threatened. Curiously, the school district never informed TODD's parents about this incident. But for a caring and well meaning mother who was working in the classroom, this incident may not have been known to TODD's parents. At that time, TODD internalized a great deal of his fear and angst over the relentless bullying and often did not tell his parents about each incident.

6. When TODD was in the sixth grade, (within Defendant Los Gatos Union School District), the severity of his identified disorders increased to significant levels. At the same time, the recurrent teasing, bullying and harassment by his classmates, particularly Defendant Carter Krach (hereinafter "CARTER") increased as well. During that time, CARTER, without provocation, repeatedly hit TODD in the back and called him names. TODD did not have the language skills or prowess to defend himself. Rather than fighting back, TODD internalized his fears and frustrations which led to intolerable and sometimes paralyzing stress and anxiety.

7. During his seventh grade year, TODD attended Fisher Middle School within the jurisdictional boundaries of Los Gatos Union School District. At that time, TODD began a course of anti-depressants which were intended to help him cope with the stress from the relentless harassment, bullying and attacks from his classmates, particularly, CARTER.

8. While in the seventh grade, TODD's parents notified Defendant Lisa Fraser, (hereinafter "FRASER"), principal of Fisher Middle School about TODD's struggles as he attended school each day with the certainty that his classmates, particularly CARTER, would continue their bullying, harassment and relentless attacks. Despite TODD's parent's pleas for FRASER to help and protect TODD, she did absolutely nothing to insure his safety and well being while at Fisher Middle School.

9. On or about November 17, 2005, (eighth grade at Fisher Middle School) while walking to an after school activity, TODD was accosted by CARTER and another student named Andreas Kramer (hereinafter "ANDY"). As CARTER and ANDY aggressively approached TODD, they told him that they, "bet they could kick him in the "balls" at least one hundred (100) to two hundred (200) times during the school year". As TODD attempted to walk away, both CARTER and ANDY, as they were laughing and making fun of TODD, repeatedly kicked him in the testicles. Immediately thereafter, CARTER and ANDY punched him in the groin. Already debilitated by the previous attacks, TODD could not defend himself. Thereafter, just minutes after the first attack, three more attacks occurred in different locations on the Fisher Middle School campus. During those attacks, both CARTER and ANDY repeatedly kicked TODD in his testicles and groin. TODD was also hit and punched on other parts of his body. Throughout the attacks, CARTER and ANDY called TODD a "fag" and a "retard". Plaintiffs are informed and believe and thereon allege that a final attack occurred as TODD was attempting to leave campus in his debilitated state. At that time, ANDY held TODD by the shoulders as CARTER brutally kicked him on his legs and stomped on his feet.

10. In a minimal and feigned attempt to investigate the attacks perpetrated upon TODD, FRASER spoke to one or two eyewitnesses. Each witness described the attacks as mean-spirited and vicious. Despite this, FRASER refused to file a police report. Moreover, FRASER refused and remained unwilling to take aggressive action against CARTER and ANDY. Plaintiffs are informed and believe and thereon allege that FRASER refused to take aggressive action against CARTER and ANDY because CARTER's parents made large financial contributions to Fisher Middle School and to the District. Plaintiffs are informed and believe and thereon allege that FRASER's omission to act swiftly and aggressively was in direct violation of school district policies which call for the immediate removal of potentially dangerous students from the classroom as "top priority". CARTER and ANDY received only minimal disciplinary consequences and were not expelled. Moreover, Plaintiffs are informed and believe and thereon allege that FRASER violated school district

policy by not immediately informing the Superintendent about the vicious attacks suffered by TODD.

11. After the attacks, FRASER did nothing to insure TODD's safety and well being. Ironically, even though she knew CARTER was in one of TODD's classes, she refused to make any changes to either boy's schedule. In response, TODD's parents contacted and met with the Superintendent, School Board President and FRASER. They also addressed the school board about the relentless attacks while asking for changes in policy so that future bullying could be prevented.

12. TODD attempted to matriculate to the Defendant Los Gatos-Saratoga Union High School District but had a very difficult time doing so because CARTER and ANDY attended the same school. By November of his 9th grade year, TODD stopped attending high school altogether. Thereafter, there were several failed attempts at providing TODD with an appropriate school program and psychological support to ameliorate his significant and increasing needs which were clearly exacerbated by the attacks.

13. As a result of the attacks, TODD sustained severe injuries which cause difficulty with urination for several days. He also sustained severe bruising and swelling to his genitalia, body lacerations and severe emotional distress which has led to Post Traumatic Stress Disorder, disorganized thinking, delayed speech production, obsessions, anxiety, fear, withdrawal, isolation and recurrent psychotic breaks. It is also believed that TODD is suffering from a trauma induced schizophrenia that remains resistant to traditional pharmaceutical intervention. Currently, TODD is severely debilitated and disabled. His prognosis is very poor thus mandating that he be treated in a residential treatment facility. Given his poor prognosis, TODD is expected to require lifetime care and assistance.

14. At all times relevant, Defendants and each of them received federal funds to assist in the operation of their educational programs and services from which TODD was an intended beneficiary. As recipients of federal funds, Defendants LOS GATOS UNION SCHOOL DISTRICT and LOS GATOS-SARATOGA UNION HIGH SCHOOL DISTRICT

COMPLAINT FOR DAMAGES

and their respective Boards of Education promised to obey and enforce all laws pertaining to the administration of public, educational programs.

15. At all times relevant, LOS GATOS UNION SCHOOL DISTRICT (hereinafter "LGUSD") was and is a governmental subdivision of California, duly authorized and empowered to establish, maintain, operate, and administer a system of public schools, grades K-6 within the City of Los Gatos, County of Santa Clara, California.

16. At all times relevant, THE BOARD OF EDUCATION OF THE LOS GATOS UNION SCHOOL DISTRICT (hereinafter "BOARD 1") was and is a legal entity for purposes of suit within the State of California. BOARD 1 is duly authorized and empowered to make and enforce policies and procedures to effectuate the legal mandates of the law, specifically the relevant provisions of the California Education Code, California Government Code, California Health and Safety Code, California Business and Professions Code and the California Penal Code. BOARD1 receives federal money intended to benefit LGUSD's special education students. In order to receive federal funds, BOARD1, on behalf of DISTRICT must promise not to discriminate against any student and to uphold all laws to the fullest extent as intended by Congress and State Legislative bodies. Plaintiffs are informed and believe and thereon allege that BOARD 1 had direct knowledge of the incidents alleged herein. By failing to take and proscribe action to protect TODD's guaranteed right to be educated in an environment free from harm and abuse, BOARD1 acted with a flagrant disregard for his educational rights and well being (see infra).

17. At all times relevant, LOS GATOS-SARATOGA UNION HIGH SCHOOL DISTRICT (hereinafter "LGSUHSD") was and is a governmental subdivision of California, duly authorized and empowered to establish, maintain, operate, and administer a system of public schools, grades 9-12 within the City of Los Gatos, County of Santa Clara, California.

18. At all times relevant, THE BOARD OF EDUCATION OF THE LOS GATOS-SARATOGA UNION HIGH SCHOOL DISTICT (hereinafter "BOARD 2") was and is a legal entity for purposes of suit within the State of California. BOARD 2 is duly authorized and empowered to make and enforce policies and procedures to effectuate the legal mandates

of the law, specifically the relevant provisions of the California Education Code, California Government Code, California Health and Safety Code, California Business and Professions Code and the California Penal Code. BOARD2 receives federal money intended to benefit LGSUHSD's special education students. In order to receive federal funds, BOARD 2, on behalf of DISTRICT must promise not to discriminate against any student and to uphold all laws to the fullest extent as intended by Congress and State Legislative bodies. Plaintiffs are informed and believe and thereon allege that BOARD 2 had direct knowledge of the incidents alleged herein. By failing to take and proscribe action to protect TODD's guaranteed right to be educated in an environment free from harm and abuse, BOARD 2 acted with a flagrant disregard for his educational rights and well being (see infra).

19. At all times relevant, Dr. Suzanne Boxer-Gassman (hereinafter "GASSMAN"), an individual, was and is a resident of the State of California, County of Santa Clara. At all relevant times, GASSMAN was employed by LGUSD as its Superintendent. Plaintiffs are informed and believe and thereon allege that GASSMAN had direct knowledge of TODD's well documented disabilities, the ongoing bullying and the other events alleged herein. By failing to take and proscribe action to protect TODD's right to be safe and secure in the school environment, GASSMAN acted with a flagrant disregard for his safety and well being.

20. At all times relevant, Cary Matsuoka (hereinafter "MATSUOKA"), an individual, was and is a resident of the State of California, County of Santa Clara. At all relevant times, MATSUOKA was employed by LGSUHSD as its Superintendent. Plaintiffs are informed and believe and thereon allege that MATSUOKA had direct knowledge of the incidents alleged herein. By failing to take and proscribe action to protect TODD's right to be safe and secure in the school environment, MATSUOKA acted with a flagrant disregard for his safety and well being.

21. At all times relevant, FRASER, an individual, was and is a resident of the State of California, County of Santa Clara. At all relevant times, FRASER was employed as the Principal of Fisher Middle School located within the jurisdictional boundaries of Defendant,

LGUSD. Plaintiffs are informed and believe and thereon allege that FRASER had direct knowledge of TODD's well documented disabilities, the ongoing bullying and the other incidents alleged herein. By failing to take and proscribe action to protect TODD's right to be safe and secure in the school environment over which she had direct responsibility and control, FRASER acted with a flagrant disregard for his safety and well being.

22. At all times relevant, Keith Krach and Jennifer Krach (hereinafter "KRACH"), both individuals, were and are residents of the State of California, County of Santa Clara. KRACHS' are the biological parents of CARTER. At all relevant times, KRACH acted with a flagrant disregard of TODD's right to be safe and secure from attack. Plaintiffs are informed and believe and thereon allege that KRACH, in violation of California Civil Code 1714.1, knew of CARTER's dangerous propensities yet failed to adequately parent, counsel supervise and control him.

23. At all times relevant, CARTER was and is a Minor, residing in the State of California, County of Santa Clara. Plaintiffs allege that at all relevant times, CARTER had sufficient intelligence and discretion to know that the nature and quality of his actions were wrong and not tolerated within the bounds of decent society.

24. At all times relevant, Alejandra Kramer (hereinafter "KRAMER"), an individual was and is a resident of the State of California, County of Santa Clara. Alejandra is the biological parent of ANDY. At all relevant times, KRAMER acted with a flagrant disregard of TODD's right to be safe and secure from attack. Plaintiffs are informed and believe and thereon allege that KRAMER, in violation of California Civil Code 1714.1, knew of ANDY's dangerous propensities yet failed to adequately parent, counsel, supervise and control him.

25. At all times relevant, ANDY was and is a Minor, residing in the State of California, County of Santa Clara. Plaintiffs allege that at all relevant times, ANDY had sufficient intelligence and discretion to know that the nature and quality of his actions were wrong and not tolerated within the bounds of decent society.

26. Plaintiffs have fully exhausted their administrative remedies via a mediation which was held on April 16, 2008. Said mediation resulted in a full and final settlement of

8

COMPLAINT FOR DAMAGES

all special education claims whereby those claims under the jurisdiction of the Office of Administrative Hearings were released and statutory exhaustion of all administrative remedies was deemed satisfied.

27. Plaintiffs are unaware of the true names and capacities of the parties sued herein as DOES 1-10, inclusive and therefore sue said parties by their fictitious names. Plaintiffs will seek leave of this Court to amend the instant Complaint when the true names and capacities of the DOE Defendants have been ascertained. Plaintiffs are informed and believe and thereon alleges that said DOE Defendants are responsible in some manner for acts and omissions alleged herein.

28. At all times relevant, Defendants and each of them were the agents and/or employees of each of their Co-Defendants and in doing the acts as alleged herein, were acting within the course and scope of that agency and/or employment.

29. At all times relevant, the doctrine of "In Loco Parentis" imposes a special and heightened duty upon all Defendants, including DOES 1-10 inclusive. The doctrine applies to all enumerated Defendants because each of them, by virtue of their obligations, employment and relationship to TODD is charged factitiously with a parent's rights, duties obligations and responsibilities during the time TODD was entrusted to their care for educational purposes.

30. Each of the School District Defendants are mandatory reporters of child abuse as is governed by California Penal Code §11166. In accordance with the duties and obligations set forth therein, School District Defendants are required to report all incidents of child abuse including the kind of conduct complained of herein. In addition, School District Defendants and each of them are required to prepare and transmit a written report within thirty six hours (36) after receiving the information concerning the abuse either witnessed or complained of. In this case, School District Defendants never reported the abuse to the proper authorities.

///

///

///

9

COMPLAINT FOR DAMAGES

## I.

## **FIRST CLAIM FOR RELIEF**

## VIOLATION OF 42 U.S.C. SECTION 1983

## **(Against  LGUSD,  BOARD 1, LGSUHSD, BOARD 2, GASSMAN in her individual capacity, MATSUKOA in his individual capacity, LISA FRASER in her individual capacity and DOES 1-25, inclusive)**

31. Plaintiffs hereby reallege and reincorporate each and every allegation contained in Paragraphs 1 through 30 inclusive, as though fully set forth herein.

32. TODD possesses the right to bodily safety at school. These rights are secured by the Due Process Clause of the Fourteenth Amendment. The United States Constitution (via the Fourteenth Amendment's Substantive Due Process Clause) protects students, like TODD who attend public school and guarantees that they be free  from abuse, harassment and bullying.

33. 42 U.S.C. §1983 authorizes suits to redress  the deprivation of rights, privileges, and  immunities secured by the United States Constitution.

34. TODD is a member of a limited and specifically identifiable group in that he is severely  disabled  by  neurological,  emotional,  psychological  deficits  and  disorders.

35. In doing the acts alleged herein, the enumerated Defendants acted under the color of state and federal law thus depriving TODD of his right to be educated in an environment free from harm and abuse. Plaintiffs allege that Defendants and each of them knew that TODD was particularly susceptible and vulnerable to bullying and victimization, yet, did nothing to protect him.  The bullying and harassment went on for years and was brought to the attention of each of the Defendants who acted with wilful ignorance and deliberate indifference to the trauma and fear that TODD faced on a daily basis.

36. Specifically, Defendants and each of them violated TODD's rights under the Due Process Clause of the Fourteenth Amendment to the United States Constitution, while further depriving him of his rights, liberties and privileges guaranteed by the Constitution of the United States of America and the laws enacted thereunder. The actions of Defendants and

each of them occurred pursuant to the policies, customs and usage as implemented by each of the named governmental Defendants herein.

37.    Plaintiffs allege that Defendants and each of them, who were in possession of actual knowledge about TODD's disabilities and vulnerabilities, affirmatively placed TODD in a position of danger by failing to protect him. Accordingly, their acts and omissions gave rise to duties and obligations designed to protect TODD as set forth in the Due Process Clause of the Fourteenth Amendment. Defendant's actions and omissions subjected TODD to danger that he otherwise would not have faced. Said danger was known and obvious to the Defendants who acted with deliberate indifference to it. Defendants and each of them created and exposed TODD to danger which he otherwise would not have faced had Defendants been more forthcoming, responsible and concerned about his safety and well being. Defendants and each of them knew CARTER and others had a history of harassing, berating and bullying TODD, yet they turned a blind eye towards the ongoing abuse and bullying.

38.    Plaintiffs allege that the policies and procedures as implemented by Defendants and each of them constitute deliberate and wilful indifference to TODD's rights, as guaranteed by state and federal law.

39.    Defendants and each of them failed to develop, adopt and/or implement appropriate policies and procedures to prevent bullying and to protect students like TODD. Such failure amounts to deliberate indifference to TODD's bodily security and integrity. Thus, the Defendant's omissions were the moving force behind the violation of TODD's Constitutional rights.

40.    Defendants created and maintained an unreasonably unsafe and dangerous condition for TODD which was the direct and legal cause of his injuries and harm. Said unsafe and dangerous conditions were created as a result of Defendant's failure to protect TODD at school.

41. As a direct and proximate result of the acts and omissions of Defendants and each of them, TODD has suffered and continues to suffer both economic and non-economic damages which includes but is not limited to severe and permanent physical and emotional

COMPLAINT FOR DAMAGES

injury. Moreover, the acts and omissions of Defendants were the direct and proximate cause of a significant exacerbation of TODD's medical, neurological and psychological conditions including post traumatic stress disorder, extreme anxiety, humiliation, embarrassment, impaired cognitive functioning and ridicule. The full extent of TODD's injuries are not known at this time. Plaintiffs will articulate their full extent once ascertained with particularity.

42. In accordance with 42 U.S.C. §1988, as a further direct and proximate result of the acts and omissions of Defendants and each of them, Plaintiffs have incurred attorney fees for which payment is authorized, should they prevail in this matter. The full extent of Plaintiff's attorneys fees are not known at this time but will be ascertained with particularity at the conclusion of this case.

## II.

## SECOND CLAIM FOR RELIEF

### VIOLATION OF SECTION 504 OF

### THE REHABILITATION ACT OF 1973

### (Against LGUSD, BOARD1, LGSUHSD, BOARD2, GASSMAN , MATSUKOA,

### LISA FRASER and

### DOES 1-25, inclusive)

43. Plaintiffs hereby reallege and reincorporate each and every allegation contained in Paragraphs 1 through 42, inclusive, as though fully set forth herein.

44. TODD qualifies for protection under Section 504 of the Rehabilitation Act of 1973 due to his neurological, mental and physical impairments that substantially limit a major life activity, namely, education. Furthermore, TODD had a record of impairment and disability which was known and familiar to Defendants and each of them.

45. In doing the acts as herein alleged, Defendants and each of them acted under color of State and Federal law thus discriminating and retaliating against TODD on the basis of his documented neurological, mental and physical impairments. Defendant's discrimination and

retaliation is evidenced by their failure to protect TODD from known and persistent attackers, their failure to create and implement a safety plan and their failure to provide him with appropriate educational opportunities both before and after the attack by CARTER and ANDY.

46. Section 504 prohibits anyone with a disability from being excluded from the participation in, be denied the benefits of or be subjected to discrimination under any program or activity receiving federal financial assistance. The myriad of neurological, mental and physical disabilities from which TODD suffers substantially limits a major life activity, i.e., access to the educational process. TODD was entitled to the implementation of these modifications to assist with his educational program for these enumerated disabilities. The denial of these accommodations were made in *"bad faith"* and as a result of *"gross misjudgment"* and *"deliberate indifference"* on the part of Defendants and each of them.

47. At all times relevant, Defendants and each of them misrepresented the spirit and purpose of Section 504 when they systematically denied TODD the benefits and protections promulgated thereunder. Furthermore, Defendants and each of them knew or should have known that TODD could not access the educational process in a meaningful way without the benefits and protections of Section 504.

48. Defendants and each of them knew about the manifestations of TODD's enumerated disabilities and should have addressed the remediation of said disabilities in a positive and well intentioned manner.

49. As a direct and proximate result of the acts and omissions of Defendants and each of them, TODD has suffered and continues to suffer both economic and non-economic damages which includes but is not limited to severe and permanent physical and emotional injury. Moreover, the acts and omissions of Defendants were the direct and proximate cause of a significant exacerbation of TODD's medical, neurological and psychological conditions including post traumatic stress disorder, extreme anxiety, humiliation, embarrassment, impaired cognitive functioning and ridicule. The full extent of TODD's injuries are not

known at this time. Plaintiffs will articulate their full extent once ascertained with particularity.

### III.

### THIRD CLAIM FOR RELIEF

### VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

### (Against LGUSD, BOARD1, LGSUHSD, BOARD2, GASSMAN, MATSUKOA, LISA FRASER and DOES 1-25, inclusive)

50. Plaintiffs hereby reallege and reincorporate each and every allegation contained in Paragraphs 1 through 49, inclusive, as though fully set forth herein.

51. Title II of the Americans With Disabilities Act provides that no qualified individual with a disability shall, by reason of such disability be excluded from participation in or be denied access to the benefit of any service, program or activity of a public entity, or be subjected to discrimination by such entity.

52. At all times relevant, Defendants and each of them were deemed public entities under the Americans With Disabilities Act Section 1213 (a)(A) (B).

53. At all times relevant, TODD was a qualified individual with disabilities in that he is an individual, regardless of his age, who, with or without reasonable modifications to rules, policies, or practices, meets the essential eligibility requirements of the Americans With Disabilities Act.

54. TODD's disabilities consist of both physical and mental impairments that substantially limit him in one or more major life activities, namely the educational process.

55. In doing the acts as herein alleged, Defendants and each of them have failed to properly acknowledge, accommodate and serve TODD's significant needs in order to assist him in gaining meaningful access to the educational process.

56. As a direct and proximate result of the acts and omissions of Defendants and each of them, TODD has suffered and continues to suffer both economic and non- economic damages which includes but is not limited to severe and permanent physical and emotional injury. Moreover, the acts and omissions of Defendants were the direct and proximate cause

of a significant exacerbation of TODD's medical, neurological and psychological conditions including post traumatic stress disorder, extreme anxiety, humiliation, embarrassment, impaired cognitive functioning and ridicule. The full extent of TODD's injuries are not known at this time. Plaintiffs will articulate their full extent once ascertained with particularity.

## IV.

## FOURTH CLAIM FOR RELIEF

## VIOLATION OF THE UNRUH ACT

## (CALIFORNIA CIVIL CODE SECTION 51)

## (Against LGUSD, BOARD1, LGSUHSD, BOARD2, GASSMAN, MATSUKOA, LISA FRASER and DOES 1-25, inclusive)

57. Plaintiffs hereby reallege and reincorporate each and every allegation contained in Paragraphs 1-56 inclusive, as though fully set forth herein.

58. The Unruh Act provides that "[a]ll persons within the jurisdiction of California are free and equal, and no matter what their disability, are entitled to full and equal accommodations, advantages, facilities privileges or services in all business. California Courts within the 9th Circuit have consistently held that school districts are business establishments under the current meaning and legislative intent of the Act.

59. TODD alleges that he has an inalienable right to participate fully in the educational process, free from discrimination and harassment.

60. TODD further alleges that Defendants have an affirmative obligation to provide equal educational opportunity free from discrimination.

61. In doing the acts as herein alleged, specifically by failing to protect TODD while knowing that he was easily victimized, Defendants acted intentionally and with a conscious and flagrant disregard of TODD's rights to be educated in an environment free from discrimination. Moreover, Defendants acted in an intentional and volitional manner by failing to implement appropriate and public accommodations to assist TODD in gaining equal and unfettered access to the educational process.

15

COMPLAINT FOR DAMAGES

62. As a direct and proximate result of the acts and omissions of Defendants and each of them, TODD has suffered and continues to suffer both economic and non-economic damages which includes but is not limited to severe and permanent physical and emotional injury. Moreover, the acts and omissions of Defendants were the direct and proximate cause of a significant exacerbation of TODD's medical, neurological and psychological conditions including post traumatic stress disorder, extreme anxiety, humiliation, impaired cognitive functioning, embarrassment and ridicule. The full extent of TODD's injuries are not known at this time. Plaintiffs will articulate their full extent once ascertained with particularity.

## V.

## FIFTH CLAIM FOR RELIEF

### ASSAULT, BATTERY and

### VIOLATION OF CALIFORNIA CIVIL CODE SECTION 1714.1

### (Against KRACH, CARTER, KRAMER, ANDY and DOES 1-25, inclusive)

63. Plaintiffs hereby reallege and reincorporate each and every allegation contained in Paragraphs 1-62 inclusive, as though fully set forth herein.

64. From 2004 through November 2007 when TODD left Los Gatos High School, CARTER bullied and harassed TODD by calling him names such as "fag", "retard", etc. During the same time, in an effort to frighten and intimidate TODD, CARTER repeatedly nudged, berated, frightened, pushed, shoved and hit TODD throughout the school day.

65. On November 17, 2005 CARTER and ANDY repeatedly and without provocation attacked TODD by kicking, punching and hitting him in and about his genitalia as well as other parts of his body.

66. When Defendants CARTER and ANDY assaulted and battered TODD, they engaged in misconduct which resulted in serious and permanent injury to TODD. KRACH and KRAMER are the parents and guardians of CARTER and ANDY. As such, they possessed an affirmative duty to supervise, counsel and control their children whom they knew or should have known possessed the propensities to hurt, harass and bully TODD.

67. California Civil Code §1714.1 imputes liability to parents for any act of wilful misconduct of their minor children that results in injury or death to another person. Accordingly, KRACH and KRAMER must be jointly and severally liable for the damages caused to TODD by the wilful misconduct of CARTER and KRAMER.

68. In doing the acts as herein alleged, Defendants CARTER and KRAMER engaged in actions that were volitional, intentional and malicious thereby causing TODD to sustain harmful and offensive contact and touching to his body, including inflicting severe and enduring physical and emotional pain, upset and suffering.

69. As a direct and proximate result of the acts and omissions of Defendants and each of them, TODD has suffered and continues to suffer both economic and non-economic damages which includes but is not limited to severe and permanent physical and emotional injury. Moreover, the acts and omissions of Defendants were the direct and proximate cause of a significant exacerbation of TODD's medical, neurological and psychological conditions including post traumatic stress disorder, extreme anxiety, humiliation, impaired cognitive functioning, embarrassment and ridicule. The full extent of TODD's injuries are not known at this time. Plaintiffs will articulate their full extent once ascertained with particularity.

## VI.

## <u>SIXTH CLAIM FOR RELIEF</u>

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

## (Against FRASER in her individual capacity, CARTER, ANDY and

## DOES 1-25, inclusive)

70. Plaintiffs hereby reallege and reincorporate each and every allegation contained in Paragraphs 1-69 inclusive, as though fully set forth herein.

71`. In doing the acts as herein alleged, Defendants and each of them, have conducted themselves in a manner not tolerated within the bounds of decent society. Their conduct was extreme and outrageous in that they knew of should have known that TODD, due to his well documented and severe disabilities had a particular sensitivity to the conduct which they authorized, engaged in or consented to. Said conduct includes but is not limited to assaulting

COMPLAINT FOR DAMAGES

and battering TODD, failing to protect TODD from harm and ignoring TODD's parent's pleas for help and intervention so that no further harm would come to him.

72.     As a direct and proximate result of the acts and omissions of Defendants and each of them, TODD has suffered and continues to suffer both economic and non-economic damages which includes but is not limited to severe and permanent physical and emotional injury. Moreover, the acts and omissions of Defendants were the direct and proximate cause of a significant exacerbation of TODD's medical, neurological and psychological conditions including post traumatic stress disorder, extreme anxiety, humiliation, impaired cognitive functioning, embarrassment and ridicule. The full extent of TODD's injuries are not known at this time. Plaintiffs will articulate their full extent once ascertained with particularity.

**WHEREFORE,** Plaintiffs pray for the following relief:

Plaintiffs request a jury trial on all causes of action pursuant to FRCP §38 (b).

**On the First, Second, Third Fourth Fifth and Sixth Causes of Action:**

1. General damages in an amount to be determined at the time of trial;

2. Special damages in an amount to be determined at the time of trial;

3. Prejudgment interest;

4. Any and all such other relief as the Court deems just and proper.

**On the First Cause of Action Only:**

1. Attorneys fees pursuant to 42 U.S.C. Section 1988

Dated: January 15, 2009            Respectfully submitted,

The Law Offices of Andrea M. Tytell
By: Andrea M. Tytell
Counsel for Plaintiffs