IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| T.E., | ) | CV-09-00793-JW |
| | ) | |
| PLAINTIFF, | ) | SAN JOSE, CALIFORNIA |
| | ) | |
| VS. | ) | |
| | ) | JUNE 21, 2010 |
| LOS GATOS UNION SCHOOL DISTRICT, ET AL, | ) | |
| | ) | PAGES 1-21 |
| DEFENDANT. | ) | |

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE JAMES WARE
UNITED STATES DISTRICT JUDGE

A P P E A R A N C E S:

FOR THE PLAINTIFF:  LAW OFFICES OF ANDREA M. TYTELL
                    BY:  ANDREA TYTELL
                    2121 ROSECRANS AVENUE, STE 1350
                    EL SEGUNDO, CA 90245

FOR THE DEFENDANT:  DAVIS & YOUNG
                    BY:  MARK DAVIS
                    1960 THE ALAMEDA, STE 210
                    SAN JOSE, CA 95126

OFFICIAL COURT REPORTER: SUMMER FISHER, CSR, CRR
                         CERTIFICATE NUMBER 13185

SAN JOSE, CALIFORNIA            JUNE 21, 2010

P R O C E E D I N G S

(WHEREUPON, COURT CONVENED AND THE FOLLOWING PROCEEDINGS WERE HELD:)

THE CLERK:  CALLING CASE NUMBER 09-793. T.E. V LOS GATOS UNION SCHOOL DISTRICT, ET AL.

ON FOR DEFENDANT'S MOTION TO DISMISS. TEN-MINUTES EACH SIDE.

COUNSEL, PLEASE COME FORWARD AND STATE YOUR APPEARANCES.

MR. DAVIS:  GOOD MORNING, YOUR HONOR. MARK DAVIS FOR THE DEFENDANTS AND MOVING PARTIES.

MS. TYTELL:  GOOD MORNING, YOUR HONOR. ANDREA TYTELL FOR THE PLAINTIFFS.

THE COURT:  VERY WELL.

SO MR. DAVIS, YOU REPRESENT ALL OF THE DEFENDANTS?

MR. DAVIS:  ALL OF THE SCHOOL DISTRICT RELATED DEFENDANTS, YOUR HONOR.  THE TWO SCHOOL DISTRICTS AND THE FIVE INDIVIDUALS THAT ARE LISTED IN THE PAPERS.

THOSE INCLUDE LISA FRASER, SUSAN BOXER-GASSMAN, HOLLY WADE, CYNTHIA RANII AND CARY MATSUOKA.

THE COURT:  VERY WELL.

SO THAT I HAVE BEFORE ME IS A MOTION TO DISMISS ON VARIOUS OF THE CLAIMS ON INDIVIDUAL GROUNDS. SO LET ME GIVE YOU AN OPPORTUNITY SPEAK FURTHER TO YOUR MOTION, IF YOU WISH.

MR. DAVIS: THANK YOU, YOUR HONOR.

WITH RESPECT TO THE FIRST CLAIM, THE 1983 CLAIM, I BELIEVE THE COURT HAS ALREADY DISMISSED THAT WITH PREJUDICE WITH RESPECT TO THE PUBLIC ENTITY DEFENDANTS, THE DISTRICT ENTITIES.

SO THE MOTION PRIMARILY IS BASED WITH RESPECT TO THE FIVE INDIVIDUAL DEFENDANTS.

THE REASON WE BROUGHT THE MOTION IF YOU LOOK AT THE CASE LAW, THE INDIVIDUALS CANNOT BE PERSONALLY LIABLE FOR THE MISCONDUCT OF THE THIRD INDIVIDUALS. THIS CASE BASICALLY ARISES FROM THE PLAINTIFF BEING ASSAULTED BY TWO FELLOW STUDENTS.

WITH RESPECT TO THE FIVE SCHOOL DISTRICT PEOPLE, THERE'S NO CONSTITUTIONAL RIGHT TO TAKE ACTION TO PROTECT THE SAFETY OF OTHERS.

THERE ARE TWO EXCEPTIONS TO THAT. WE POINTED OUT WHY NEITHER OF THOSE APPLY. THE DANGER CREATION EXCEPTION. WE DIDN'T CREATE THE SITUATION, WE DIDN'T FACILITATE THE SITUATION, THESE BOYS ATTACKING THE PLAINTIFF.

WE DIDN'T ENCOURAGE IT. IN FACT, ONCE WE

3

KNEW ABOUT IT THE BOYS WERE SUSPENDED. SO I DON'T BELIEVE THAT EXCEPTION APPLIES.

AND THE OTHER ONE, THE SPECIAL RELATIONSHIP DOCTRINE, CLEARLY DOESN'T APPLY. THE ONLY CASE LAW SUPPORTING THAT THEORY IS IN SITUATIONS WHERE THE ENTITY TAKES PHYSICAL CUSTODY AND CONTROL OF THE INDIVIDUAL SUCH AS PUTTING THEM IN CUSTODY.

SO I BELIEVE THAT CAUSE OF ACTION IS FAIRLY CLEAR, THE BASIS FOR THE MOTION IS FAIRLY CLEAR.

THE OTHER PART RELATES TO THE REHABILITATION ACT AND ADA CLAIMS I BELIEVE CAN BE HANDLED TOGETHER.

I THINK WHAT'S IMPORTANT HERE ARE SEVERAL POINTS. ONE, THERE'S ABSOLUTELY NO INDICATION IN THE PLEADINGS THAT THIS PLAINTIFF WAS TREATED DIFFERENTLY. IN OTHER WORDS, EXCLUDED FROM BENEFITS, DENIED BENEFITS OR DISCRIMINATED BECAUSE OF HIS SPECIAL EDUCATION STATUS.

HE WAS ATTACKED BY TWO OTHER STUDENTS. IN TERMS OF HOW HE WAS TREATED, THE SERVICES HE WAS PROVIDED, THE PROTECTION HE WAS PROVIDED, NO INDICATION THAT THAT WAS IN ANY WAY ALTERED BECAUSE OF HIS STATUS.

WHAT'S IMPORTANT ALSO TO NOTE ON THIS CAUSE OF ACTION IS, AND THE COURT HAS POINTED IT OUT IN THE PRIOR ORDER, YOU NEED MORE THAN NEGLIGENCE. YOU NEED GROSS MISMANAGEMENT, YOU NEED BATH FAITH AND YOU NEED INTENTIONAL DISCRIMINATION.

SO IF YOU LOOK AT THOSE TWO PORTIONS, INTENTIONAL DISCRIMINATION, THERE'S NO ALLEGATION THAT THERE WAS ANY INTENT ON THE PART OF THE INDIVIDUAL DEFENDANTS HERE OR THE DISTRICTS TO INJURE THIS PERSON. NO INDICATION OF KNOWLEDGE AND DELIBERATE INDIFFERENCE. YOU CAN'T PROVE THE POTENTIAL ASPECT --

THE COURT: LET ME PROBE A LITTLE BIT ON THAT.

MR. DAVIS: SURE.

THE COURT: THIS IS A CASE WHERE IT WAS AN ONGOING SERIES OF CIRCUMSTANCES THAT THE STUDENT FACED. AND IT WAS A CIRCUMSTANCE AS ALLEGED WHERE NOTICE OF THE ONGOING ACTIVITY WAS GIVEN.

WHAT IS YOUR POSITION WITH RESPECT TO WHETHER OR NOT THAT NOTICE CREATES A DUTY BEYOND SIMPLY UNDERSTANDING THE CIRCUMSTANCE?

IS THERE ANY AFFIRMATIVE DUTY THAT'S CREATED ON THE PART OF THE DISTRICT OR THE INDIVIDUALS INVOLVED IN THE DISTRICT ONCE NOTICE IS

GIVEN?

MR. DAVIS: IF YOU HAVE ACTUAL NOTICE AND TAKE NO ACTION, THAT CAN CONSTITUTE DELIBERATE INDIFFERENCE.

IF YOU LOOK AT THE PLEADINGS, THE ONLY NOTICE THAT WAS PROVIDED RELATES TO THIS INCIDENT. AND THERE WASN'T DELIBERATE INDIFFERENCE BECAUSE ACTION WAS TAKEN.

THE BOYS WERE SUSPENDED. THERE'S A CLAIM THAT THE DISCIPLINE WASN'T ENOUGH, BUT THERE'S NO PRIVATE CAUSE OF ACTION FOR ALLEGED INADEQUATE DISCIPLINE OF OTHERS.

IF YOU LOOK AT THE COMPLAINT IT TALKS ABOUT THINGS HAPPENING, FIFTH GRADE, SIXTH GRADE, NO INDICATION THAT WAS REPORTED TO SCHOOL OFFICIALS. THE ONLY -- THE CLOSEST IT GETS IS THAT THE PARENTS ALLEGEDLY REPORTED CONCERNS ABOUT THEIR SON. CONCERNS ABOUT THEIR SON.

BUT IF YOU LOOK AT THE COMPLAINT CAREFULLY, YOUR HONOR, THE ONLY INCIDENT CAUSING DAMAGE OCCURRED IN NOVEMBER, I BELIEVE, OF 2005.

AND IF I COULD POINT OUT, IF YOU LOOK AT THE PLAINTIFF'S OPPOSITION, PAGE 12, LINE 10, THEY TALK ABOUT THE INFORMATION THE DEFENDANTS POSSESSED.

SPECIFICALLY, THE SENTENCE SAYS, "MOREOVER, EACH OF THEM WAS AWARE OF THE VIOLENT ATTACK TODD ENDURED WHILE IN THE MIDDLE OF SCHOOL."

THERE WAS REALLY ONLY ONE INCIDENT HERE. AND THAT INCIDENT WAS DEALT WITH AND THE STUDENTS WERE SUSPENDED. SO THERE'S NO INDICATION OF ONGOING PHYSICAL MISTREATMENT THAT WAS KNOWN AND THAT WAS NOT ACTED UPON AT ALL BY THE DEFENDANTS.

THE COURT: THIS WAS A STUDENT WHO HAD SPECIAL NEEDS. THAT WAS KNOWN.

AND THERE WERE A SERIES OF MEETINGS, AS I READ THE ALLEGATIONS, SEEKING TO DEVELOP, AND THERE WERE ASSURANCES GIVEN THAT THERE WOULD BE DEVELOPED A SAFETY PLAN. WAS A SAFETY PLAN EVER PLACED INTO EFFECT?

MR. DAVIS: YOUR HONOR, I THINK THAT RELATED TO THE HIGH SCHOOL ALLEGATION.

THE COURT: RIGHT.

MR. DAVIS: AND ALL I KNOW IS THERE WERE IEP MEETINGS. I DON'T KNOW IF THERE WAS A SAFETY PLAN, THERE WAS AN IEP MEETING THAT DEFINED WHAT WOULD BE PROVIDED TO THIS STUDENT. AND THAT GETS INTO A WHOLE OTHER ISSUE WITH RESPECT TO THE HIGH SCHOOL. THIS PLAINTIFF GOES ON TO THE NINTH GRADE, A COMPLETELY SEPARATE SCHOOL DISTRICT.

THERE'S NO INDICATION THAT HE HAD ANY INTERACTION WITH THE TWO BOYS WHO ASSAULTED HIM BACK IN HIGH SCHOOL, OR MORE IMPORTANTLY NO INFORMATION OR ALLEGATION THAT HE HAD INTERACTION WITH THEM, IT WAS HARMFUL AND THE SCHOOL OFFICIALS KNEW ABOUT IT AND THEY TOOK ACTIVE DELIBERATE INDIFFERENCE.

THERE'S REALLY A TOTAL ABSENCE OF ANY COGNIZABLE THEORY OF THE HIGH SCHOOL INDIVIDUALS, NO INDICATION ANYTHING HAPPENED TO HIM IN HIGH SCHOOL.

LET'S HEAR FROM YOUR OPPONENT.

MS. TYTELL:  THANK YOU, YOUR HONOR.

YES, YOUR HONOR.  THANK YOU.  GOOD MORNING.

I RESPECTFULLY DISAGREE WITH MR. DAVIS'S CONTENTIONS REGARDING WHETHER OR NOT THE SCHOOL DISTRICT HAD NOTICE OF THE HARM POSED BY THE TWO YOUNG BOYS.

THE COURT:  WHICH DISTRICT?

MS. TYTELL:  THE MIDDLE SCHOOL DISTRICT AND THE HIGH SCHOOL DISTRICT.

WITH RESPECT TO THE MIDDLE SCHOOL DISTRICT, NOT ONLY DID LISA FRASER, THE PRINCIPAL, HAVE HARM, THE SUPERINTENDENT DID, THE ASSISTANT SUPERINTENDENT.

THE COURT:  OF NOTICE, YOU MEAN --

MS. TYTELL: I'M SORRY. OF NOTICE, YOUR HONOR. THEY ALL HAD NOTICE OF THE INCIDENTS.

MR. ERICSON WENT TO THE SCHOOL ON A REGULAR BASIS. HE HAD BEEN BULLIED BY THESE TWO BOYS FOR A VERY LONG PERIOD OF TIME.

THESE ACTS THERE WERE FIVE SEPARATE ATTACKS ON THE SAME DAY WHERE THIS YOUNG MAN WAS KICKED REPEATEDLY IN HIS GROIN AND TESTICLES. AND THIS BOY IS NOW INSTITUTIONALIZED AND HAS A DUAL DIAGNOSIS OF BOTH PTSD AND SCHIZOPHRENIA, AND THEY BELIEVE THAT IT IS DUE TO THE ATTACKS.

VERY OFTEN, YOUR HONOR, WHEN A YOUNG MAN WITH SPECIAL NEEDS HAS AN EXPERIENCE LIKE THIS, IT'S VERY DIFFICULT FOR THEM TO PROCESS THIS UNLESS THEY HAVE A FRAME OF REFERENCE.

THE FACT HE HAS ASPERGER'S SYNDROME MAKES IT VERY DIFFICULT FOR HIM TO UNDERSTAND EMOTIONS, WHAT TO DO FOR THESE THINGS, SO HE INTERNALIZES. THAT'S WHEN HE HAD THE PSYCHOTIC BREAK.

SOMETHING MOST TROUBLING IS THE FACT THAT LISA FRASER, WHO IS THE PRINCIPAL OF THE MIDDLE SCHOOL, AFTER THE ATTACKS HAD T.E. IN THE SAME CLASSROOM AS ONE OF THE ATTACKERS. AND WHEN ASKED TO MOVE HIM, SHE REFUSED TO DO SO.

THEN RIGHT AFTER THE ATTACKS MY CLIENT,

T.E., SAW THE SAME YOUNG MAN ATTACK ANOTHER BOY, THROW HIM AGAINST THE WALL.

WHEN A YOUNG MAN EXPERIENCES THESE THINGS AND HE'S FRAGILE, THEY DID NOTHING TO STOP IT. THEY DID NOTHING TO SUPPORT HIM. THEY DID NOTHING TO PROVIDE A SAFETY PLAN AND TO PROTECT HIM.

AND I DISAGREE, THERE'S A SPECIAL RELATIONSHIP, YOUR HONOR, AND THERE'S A RIGHT TO HAVE BODY INTEGRITY PROTECTED BY THE VIRTUE OF THE 14TH AMENDMENT.

THERE'S ALSO THE SPECIAL RELATIONSHIP DOCTRINE. THERE'S ALSO THE DANGER CREATION DOCTRINE. THEY KNEW THESE BOYS WERE HARMFUL AND THEY DID NOTHING TO PROTECT MY CLIENT.

THE COURT: WELL, ARE YOU MISSING AN ELEMENT, NAMELY, WHO IS THE ACTOR HERE?

WHAT CASE CAN I LOOK TO THAT CREATES THE LIABILITY ON THE PART OF THE DISTRICT FOR CONDUCT OF SOMEONE OTHER THAN DISTRICT OFFICIALS? THAT IS, CONDUCT BY THIRD PARTIES.

MS. TYTELL: YOUR HONOR, I WOULD POINT YOU TO DE SHANEY V. WINNENAGO. I WOULD ALSO ASK YOU TO LOOK AT RODRIGUEZ V. INGLEWOOD UNIFIED SCHOOL DISTRICT. AND I WOULD ALSO ASK YOU TO LOOK AT --

10

THE COURT: ISN'T DE SHANEY THE VERY CASE THAT ESTABLISHES THAT THE GOVERNMENT HAS NO OBLIGATION TO PROTECT AGAINST ACTIONS BY A THIRD PARTY?

MS. TYTELL: NOT IF THEY DON'T HAVE -- NOT IF THEY HAVE NOTICE.

ONCE THERE'S A SPECIAL RELATIONSHIP AND THERE'S ACTUAL NOTICE OF THE HARM, THERE'S AN ONGOING DUTY TO PROTECT, AND THAT DID NOT OCCUR HERE.

THE COURT: SO WHAT ARE THE POST EVENT -- POST ATTACK CONDUCT THEN THAT CAUSED HARM?

MS. TYTELL: FROM THE MIDDLE SCHOOL TO THE HIGH SCHOOL?

THE COURT: WELL, LET'S SEPARATE THEM.

WHAT WAS -- THE ATTACK OCCURRED IN MIDDLE SCHOOL. SO AFTER THE ATTACK HAD OCCURRED, WHAT IS IT THAT THE SCHOOL DISTRICT FAILED TO DO WHICH CAUSED HARM?

MS. TYTELL: THEY PUT T.E. IN THE SAME CLASSROOM WITH ONE OF THE ATTACKERS AND THAT SENT HIM SPIRALLING DOWN.

THEY ALSO FAILED TO PROTECT HIM. THESE BOYS GOT A MINIMUM DISCIPLINE POSSIBLE. AND WE'VE SINCE LEARNED, YOUR HONOR, THAT IS BECAUSE THE

FATHER OF ONE OF THE BOYS IS A HUGE FINANCIAL CONTRIBUTOR TO THE SCHOOL DISTRICT.

THESE BOYS BASICALLY GOT THEIR HANDS SLAPPED AND MY CLIENT'S LIFE IS VIRTUALLY RUINED AS A RESULT.

THE COURT: WHAT ABOUT THE DISCIPLINE OF THE ATTACKERS IS A HARM TO THE VICTIM?

MS. TYTELL: THE BOYS SHOULD HAVE BEEN EXPELLED, YOUR HONOR.

THE COURT: I KNOW, BUT HOW IS THAT A HARM TO THE VICTIM?

I UNDERSTAND WHAT YOU ARE SAYING, MORE SHOULD HAVE BEEN DONE TO THE ATTACKERS. BUT HOW IS THAT A HARM TO THE VICTIM?

MS. TYTELL: IT'S A HARM TO THE VICTIM BECAUSE THEY PRESENTED AN ONGOING THREAT. AND AS A MATTER OF FACT, MY CLIENT OBSERVED ANOTHER ATTACK BY ONE OF THE ABUSERS THAT OCCURRED JUST RIGHT AFTER HE CAME BACK TO SCHOOL OR TRIED TO COME BACK TO SCHOOL.

THERE'S ONGOING HARM. THE BOYS CONTINUED HARASSING HIM. THE BOYS CONTINUED BERATING HIM AND HUMILIATING, CALLING HIM NAMES.

IT WAS AN ONGOING, TORTUOUS SITUATION FOR T.E. THAT HE COULD NO LONGER ENDURE.

THE COURT: WHAT ABOUT THE HIGH SCHOOL SITUATION?

MS. TYTELL: THE HIGH SCHOOL SITUATION IS THE DISTRICT REFUSED TO PUT T.E. IN A SCHOOL THAT WAS DIFFERENT FROM WHERE HIS ATTACKERS WENT.

THE PARENTS BEGGED FOR THAT. THEY WENT TO THE SUPERINTENDENT, THEY WENT TO THE SCHOOL BOARD, THEY ASKED T.E. BE PLACED IN ANOTHER SCHOOL, AND THE SCHOOL DISTRICT REFUSED TO DO THAT.

THE COURT: WERE THERE SUBSEQUENT EVENTS, THOUGH, OTHER THAN BEING PRESENT?

IT'S A SCHOOL DISTRICT, SO STUDENTS HAVE TO BE PLACED IN A SCHOOL. AND SO I HAVE TO BE CAREFUL AS A COURT THAT I DON'T TAKE OVER THE OPERATION OF SCHOOLS BY ORDERING AS A MATTER OF LAW THAT ONCE A STUDENT HAS TROUBLE WITH OTHER STUDENTS, THAT THE SCHOOL DISTRICT IS OBLIGATED TO MOVE THEM TO SEPARATE SCHOOLS.

NOW, I CAN UNDERSTAND AN ARGUMENT BEING MADE TO THAT EFFECT IF AFTER THEY ARE CONTINUING IN HIGH SCHOOL, EVENTS START TO TAKE PLACE THAT SHOW THAT THERE'S A HARM PRESENTED BY JUST THE MERE PRESENCE IN THE SAME SCHOOL. BUT YOU DON'T HAVE THOSE FACTS, DO YOU?

MS. TYTELL: THERE WAS ONGOING HARM.

13

THERE WAS HARASSMENT, ONGOING.

THIS IS THE CASE THAT'S SIMILAR TO THE CASE IN SOUTH HADLEY, MASSACHUSETTS WHERE THERE'S ONGOING BULLYING. THAT CHILD COULD NO LONGER ENDURE.

FORTUNATELY, WE DON'T HAVE A SUICIDE HERE, BUT WHAT WE HAVE IS A YOUNG MAN WHOSE HAD A COMPLETE PSYCHOTIC BREAK, WHO HAS BEEN INSTITUTIONALIZED BY THESE EVENTS AND WHO IS UNABLE TO HAVE A FUTURE. FIVE SEPARATE ATTACKS, OVER THE SAME PERIOD OF TIME, WITHIN 45-50 MINUTES.

THE COURT: NOW YOU'RE GOING TO GO BACK TO THE MIDDLE SCHOOL. I WAS TRYING TO SEPARATE MY CONSIDERATIONS.

SO IT SOMETIMES DOESN'T HELP YOUR ARGUMENT IF YOU MIX THEM, BECAUSE WHAT I WAS ATTEMPTING TO HEAR IS YOUR STRONGEST ARGUMENT FOR WHY THE VERY ACT OF ALLOWING THEM TO ATTEND THE SAME HIGH SCHOOL SHOULD BE A BASIS OF RECOVERY.

MS. TYTELL: I UNDERSTAND THAT, YOUR HONOR.

AND I'VE SAID TO MR. DAVIS AS WELL, I SAID I THINK HE HAS A COLORABLE, IN ALL DUTY OF CANDOR THAT I HAVE TO THIS COURT, I THINK MR. DAVIS HAS A COLORABLE ARGUMENT WITH RESPECT TO THE HIGH

SCHOOL.

THE ONLY ALLEGATION THAT I CAN HONESTLY MAKE TO THIS COURT ABOUT THE HIGH SCHOOL IS THAT THE BOYS PRESENTED AN ONGOING HARM.

THERE WAS SOME NAME CALLING.  THERE WAS NO PHYSICAL BULLYING.  THERE WAS NO LURKING AROUND CORNERS OR THINGS LIKE THAT, BUT THERE WAS AN EVER PRESENT DANGER TO TODD THAT HE PERCEIVED THAT ULTIMATELY CAUSED HIS DEMISE.

THE COURT:  LAST WORDS?  MOVING PARTY?

MR. DAVIS:  WITH RESPECT TO THE HIGH SCHOOL, I THINK THE CASE LAW IS CLEAR THE NAME CALLING ALONE IS NOT HARASSMENT THAT THE SCHOOL DISTRICT COULD BE LIABLE FOR EVEN IF IT OCCURRED.

ALSO WITH RESPECT TO THE -- ALSO THERE'S NO INDICATION THAT ACTUALLY ANYTHING HAPPENED IN HIGH SCHOOL THAT CAUSED ANY DAMAGE TO THE PLAINTIFF.

WITH RESPECT TO THE -- THE COURT HAD EXCEPTIONS THAT BASED ON DE SHANEY THERE'S NO LIABILITY TO THE INDIVIDUALS FOR THE CONDUCT OF THIRD INDIVIDUALS.

THE TWO CASES COUNSEL HAS REFERRED TO I WOULD INVITE THE COURT TO LOOK AT.  I BELIEVE THE DE SHANEY CASE AND RODRIGUEZ CASE BOTH SUPPORT OUR

POSITION.

FINALLY, TWO LAST THINGS. WITH RESPECT TO THE REHABILITATION ACT AND ADA CLAIMS, I WAS INDICATING THERE'S NO INDICATION OF INTENTIONAL MISCONDUCT, NO INDICATION OF DISCRIMINATION, NO INDICATION THIS INDIVIDUAL WAS IN ANY WAY TREATED DIFFERENTLY BECAUSE OF HIS DISABLED STATUS.

IN OTHER WORDS, THERE'S NO INDICATION, NO ALLEGATION THAT NON-DISABLED STUDENTS ENCOUNTERED THE SAME CONDUCT AND WERE TREATED IN ANY WAY DIFFERENTLY BY SCHOOL OFFICIALS.

FINALLY, WITH RESPECT TO THOSE TWO CAUSES OF ACTION, WHAT SHOULD BE NOTED IS IT'S BASICALLY, I BELIEVE, AN ATTEMPT TO MAKE A CLAIM THAT INADEQUATE SERVICES WERE PROVIDED.

THAT'S ALREADY BEEN DEALT WITH, YOUR HONOR. IF YOU LOOK AT PARAGRAPH 30 OF THE COMPLAINT IT ALLEGES THAT THERE WAS AN ADMINISTRATIVE HEARING RELATING TO THOSE ISSUES. A SETTLEMENT WAS REACHED. THAT'S DONE WITH.

SO I BELIEVE THIS IS AN END RUN TO TRYING DO TWO THINGS: TAP INTO ANOTHER CLAIM FOR SPECIAL ED SERVICES, EVEN THOUGH THERE'S BEEN A SETTLEMENT. AND SINCE NO TORT CLAIM WAS FILED AND THEY CAN'T ALLEGE A REGULAR NEGLIGENT SUPERVISION CAUSE OF

ACTION, THIS IS AN END RUN ON THAT BY TRYING TO ALLEGE 1983, REHABILITATION ACT AND AMERICANS WITH DISABILITIES ACT.

AND LAST BUT NOT LEAST IS THE INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS CLAIM AGAINST THE DEFENDANT LISA FRASER. THAT CLAIM FAILS BECAUSE NO GOVERNMENT CLAIM WAS FILED. YOU CAN'T ALLEGE A COMMON LAW CLAIM LIKE THAT AGAINST HER.

AND IF YOU LOOK AT THE ALLEGATIONS, EVEN IF YOU COULD, HER CONDUCT IN BECOMING AWARE OF THE VIOLENT ATTACK AND SUSPENDING THE TWO INDIVIDUALS INVOLVED CANNOT BY ANY STRETCH OF THE IMAGINATION BE SEEN AS EXTREME AND OUTRAGEOUS MISCONDUCT.

WITH THAT WE WOULD SUBMIT IT, YOUR HONOR

THE COURT: YOU ARE SUING FRASER, THAT'S THE PRINCIPAL, RIGHT?

MS. TYTELL: YES, YOUR HONOR.

THE COURT: IN HER OFFICIAL CAPACITY.

MS. TYTELL: IN HER OFFICIAL CAPACITY, AND I ALSO SUED HER IN HER INDIVIDUAL CAPACITY.

THE COURT: BUT ALL OF THE CONDUCT IS ALLEGED TO HAVE TAKEN PLACE IN HER OFFICIAL CAPACITY.

MS. TYTELL: THAT IS CORRECT, YOUR HONOR.

THE COURT: SO IT DOES SEEM TO ME YOU

HAVE A TORT CLAIMS ACT PROBLEM WITH RESPECT TO THAT.

VERY WELL.  MATTER SUBMITTED.

MR. DAVIS:  YES, YOUR HONOR.

MS. TYTELL:  MAY I HAVE ONE LAST WORD, YOUR HONOR?

THE COURT:  VERY WELL.

MS. TYTELL:  OKAY.  SORRY.

WITH RESPECT TO DE SHANEY, DE SHANEY SAYS VERY CLEARLY THAT THERE'S NO DUTY TO PROTECT UNLESS IT FALLS INTO ONE OF TWO EXCEPTIONS.

AND THAT IS THE SPECIAL RELATIONSHIP EXCEPTION AND THE DANGER CREATION EXCEPTION.

AND THE AUTHORITY FOR THAT IS JOHNSON V. CITY OF SEATTLE, AND ALSO L.W. GRUBBS.

WOULD THE COURT LIKE THE CITATION ON THAT?

THE COURT:  I HAVE THOSE.

WHAT'S YOUR ARGUMENT AS TO WHETHER OR NOT BEING IN SCHOOL IS A SPECIAL CIRCUMSTANCE?

MS. TYTELL:  MY ARGUMENT WITH BEING IN SCHOOL -- WELL, ESPECIALLY FOR A SPECIAL NEEDS STUDENT, YOUR HONOR, WHO HAD ONGOING PROBLEMS WHERE THE SCHOOL HAD ACTUAL KNOWLEDGE OF TODD'S -- SO SORRY -- WITH T.E.'S PROBLEMS, AND DID NOTHING TO

PROTECT HIM.

THEY KNEW THAT THIS BULLYING WAS GOING ON. THE DISTRICT ALSO KNEW THAT HE HAD TO START A COURSE OF ANTI DEPRESSANTS IN SEVENTH GRADE OVER THE BULLYING, OVER THE HARASSMENT HE RECEIVED, AND THEY DID NOTHING TO STOP IT, NOTHING TO PROTECT HIM.

A TWO AND A HALF DAY SUSPENSION IS HARDLY SUFFICIENT, YOUR HONOR.

THE COURT: THERE IS A CLAIM THAT IS UNTOUCHED BY THESE MOTIONS AGAINST THE ATTACKERS AND THE PARENTS OF THE ATTACKERS.

YOU DON'T REPRESENT THOSE PARTIES?

MR. DAVIS: NO, THEY HAVE SEPARATE COUNSEL

THE COURT: AND SO I'M LIMITING MYSELF IN THESE CONSIDERATIONS TO THE SCHOOL OFFICIALS.

I DO APPRECIATE THAT SCHOOL IS A PLACE WHERE STUDENTS SHOULD EXPECT THAT THEY WILL BE SAFE AND THERE ARE CIRCUMSTANCES WHERE SCHOOL OFFICIALS MAY BE HELD LIABLE.

I'M NOT CERTAIN THAT WE HAVE THOSE ALLEGED IN THIS CIRCUMSTANCE.

ONE OF THE QUESTIONS THAT I HAVE IS WHETHER OR NOT I SHOULD GRANT LEAVE. THIS IS YOUR

SECOND AMENDED COMPLAINT?

MS. TYTELL:  IT'S THE SECOND, YOUR HONOR. YES.

THE COURT:  VERY WELL.  MATTER SUBMITTED.

MR. DAVIS:  THANK YOU, YOUR HONOR.

(WHEREUPON, THE PROCEEDINGS IN THIS MATTER WERE CONCLUDED.)

## CERTIFICATE OF REPORTER

I, THE UNDERSIGNED OFFICIAL COURT REPORTER OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, 280 SOUTH FIRST STREET, SAN JOSE, CALIFORNIA, DO HEREBY CERTIFY:

THAT THE FOREGOING TRANSCRIPT, CERTIFICATE INCLUSIVE, CONSTITUTES A TRUE, FULL AND CORRECT TRANSCRIPT OF MY SHORTHAND NOTES TAKEN AS SUCH OFFICIAL COURT REPORTER OF THE PROCEEDINGS HEREINBEFORE ENTITLED AND REDUCED BY COMPUTER-AIDED TRANSCRIPTION TO THE BEST OF MY ABILITY.

_____
SUMMER A. FISHER, CSR, CRR
CERTIFICATE NUMBER 13185

21